CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 07 2017

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 7:11CR00057 |
| | ) | (Civil Action No. 7:15CV80857) |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| HERBERT GREEN, | ) | |
| | ) | By: Hon. Glen E. Conrad |
| Defendant. | ) | Chief United States District Judge |

Herbert Green, a federal inmate proceeding pro se, has moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has filed a motion to dismiss, arguing Green has not raised any issues entitling him to relief. Green has responded, making this matter ripe for consideration. Upon review of the record, the court concludes that the government's motion to dismiss must be granted.

## I.

On August 4, 2011, a grand jury returned an indictment, charging Green with possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B). This indictment stemmed from a traffic stop in which officers pulled over the car Green was driving. (Mot. to Supp. at 1, ECF No. 17.) A canine unit was brought to the scene and alerted on Green's vehicle; officers then searched his car. (Id.) A camera on the officers' vehicle recorded the traffic stop. (Supp. Mot. to Supp. at 1, ECF No. 22.)

Green retained counsel. On November 4, 2011, Green, through counsel, filed a motion to suppress, arguing that the traffic stop violated his constitutional rights because of its scope and duration. (Mot. to Supp. at 2, ECF No. 17.) The government responded that the stop was permissible and the approximately 15-minute duration was not excessive. (Gov't Resp. at 12,

ECF No. 20.) Green, through counsel, filed a supplemental motion to suppress, arguing that he had been questioned after requesting a lawyer. (Supp. Mot. to Supp. at 2, ECF No. 22.) The government responded that Green did not invoke his right to counsel. (Gov't Supp. Resp. at 3, ECF No. 23.)

On December 5, 2011, the court held a hearing on the suppression motions. The officer who initiated the traffic stop testified regarding the stop. In addition, the video of the stop, which had been produced to the defense as part of discovery, was played in open court. Following the hearing, the court issued an opinion, concluding that Green was lawfully seized for the traffic violations and that the stop was reasonable. (Mem. Op. at 13, ECF No. 29.)

On April 9, 2012, retained counsel filed a motion to withdraw his representation, which the court granted, and appointed the Federal Public Defender to begin representing Green. (Order at 1, ECF No. 37.) On April 30, Green, through counsel, filed his second motion to suppress, arguing that the canine alert on Green's car was not a reliable source of probable cause and did not justify the warrantless search of his car. (2d Mot. to Supp. at 5, ECF No. 42.) The government responded that the dog was trained and certified, and his alert provided probable cause. (2d Mem. Op. at 6-7, ECF No. 44.)

On June 5, 2012, the court held a second suppression hearing. At the hearing, Green filed his first pro se motion to suppress evidence, in which he argued that the video of the traffic stop was incomplete and missing footage. (Pro Se Mot. to Supp. at 2, ECF No. 48.) The court denied both the second motion to suppress filed by counsel and the pro se motion to suppress, concluding that canine was reliably sufficient to establish probable cause and that there was no evidence that the video recording had been altered. (Mem. Op. at 9, 10, ECF No. 52.)

On July 5, 2012, Green filed a second pro se motion to suppress, arguing that the arresting officer did not follow protocol with regard to the canine alert. (2d Pro Se Mot. to Supp. at 2, ECF No. 54.) On July 13, 2012, Green filed a third pro se motion to suppress, arguing that the video recording of the traffic stop was redacted in two spots, one for approximately 30 seconds, resulting in two "time gaps." (3d Pro Se Mot. to Supp. at 4, ECF No 55.) Green also filed an addendum to his prior motions. (Addendum, ECF No. 59.)

On August 8, 2012, Green signed a written plea agreement in which he agreed to plead guilty to the count in the indictment. Under the plea agreement, Green waived his right to appeal his judgment and sentence, except for the court's rulings on his various suppression motions. He also waived his right to bring a § 2255 motion, except for claims of ineffective assistance of counsel. (Plea Agree. at 7, ECF No. 65.) At his guilty plea hearing, the court informed Green that it could not accept his guilty plea as long as there were pending motions to suppress. (Plea Hr'g Tr. at 11, ECF No. 81.) Green then withdrew his pro se motions. (Id. at 24.) Green affirmed that he had had an adequate opportunity to read and discuss the plea agreement with counsel, that he understood the plea agreement, and that no one had forced him or made any promises to cause him to plead guilty. (Id. at 5, 15, 17.) Green further affirmed that he was "satisfied with all of the components of [counsel's] services on [his] behalf." (Id. at 55.) He stated that he was guilty. (Id. at 57.) The court accepted Green's plea after concluding that he was competent and capable of making an informed plea and that his plea was knowing and voluntary. (Id. at 57-58.)

On November 5, 2012, the court adopted the Presentence Investigation Report and sentenced Green to 200 months' imprisonment, after concluding that he was a career offender. (Sent. Hr'g Tr. at 18, ECF No. 84.) The next day, counsel filed a notice of appeal with the

United States Court of Appeals for the Fourth Circuit. (Notice at 1, ECF No. 72.) Green filed a pro se motion requesting the Fourth Circuit to remove his court-appointed counsel. The Fourth Circuit denied the motion and refused to allow Green to proceed pro se as "there is no constitutional right to self-representation on appeal," but granted him leave to file a pro se supplemental brief. (4th Cir. Order at 1-2, ECF No. 51, Appeal: 12-4879.) Both counsel and Green submitted briefs, although Green's briefs did not comply with the filing requirements and were ultimately struck. The Fourth Circuit affirmed the denial of Green's motions to suppress, concluding that the traffic stop was reasonable and supported by reasonable cause. United States v. Green, 740 F.3d 275, 277 (4th Cir. 2014). Green filed a petition for writ of certiorari with the United States Supreme Court, which was denied.

On October 9, 2015, Green filed this § 2255 motion, arguing that he received ineffective assistance because: (1) retained counsel failed to show him the video recording of the traffic stop prior to the suppression hearing; (2) neither retained nor appointed counsel challenged the authenticity of the video; (3) neither retained nor appointed counsel hired experts to investigate the video's authenticity; and (4) appointed counsel failed to file a notice of appeal. In addition, he argues that he was denied a full and fair opportunity to litigate the suppression issues. Pursuant to Standing Order 2015-5, the court appointed counsel to represent Green and provide supplemental briefing, if necessary, in light of the Supreme Court decision in Johnson v. United States, 135 S. Ct. 2551, 2563 (2015). Subsequently, counsel declined to file additional pleadings and filed a motion to withdraw as counsel, which the court granted. (Order at 1, ECF No. 109.)

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that

"the court was without jurisdiction to impose such a sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Green bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

## A. Ineffective Assistance Claims

Green makes numerous ineffective assistance of counsel claims. The proper vehicle for a defendant to raise an ineffective assistance of counsel claim is by filing a § 2255 motion. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). However, ineffective assistance claims are not lightly granted; "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686 (1984). Accordingly, in order to establish a viable claim of ineffective assistance of counsel, a defendant must satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and establishing prejudice due to counsel's alleged deficient performance. Strickland, 466 U.S. at 687. When considering the reasonableness prong of Strickland, courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; Gray v. Branker, 529 F.3d 220, 228-29 (4th Cir. 2008). Counsel's performance is judged "on the facts of the particular case," and assessed "from counsel's perspective at the time." Strickland, 466 U.S. at 689, 690.

To satisfy the prejudice prong of Strickland, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. Id. at 694. A defendant who has pleaded guilty must demonstrate

that, but for counsel's alleged error, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

Green first argues that his retained counsel provided ineffective assistance because he did not show Green the video recording of the traffic stop before it was played in open court during Green's first suppression hearing. Assuming this is true, Green cannot establish prejudice. First, he does not claim that retained counsel failed to consult with him regarding the stop, prior to filing the motion to suppress; only that counsel did not show him the video prior to the hearing. Moreover, Green saw the video during the suppression hearing and then went on to file three additional pro se suppression motions. In addition, appointed counsel filed another suppression motion on his behalf, and he had a second suppression hearing. Accordingly, Green had ample opportunity to raise concerns regarding the video to the court, which he subsequently did. Therefore, Green cannot establish that had retained counsel showed him the video prior to the hearing, there is a reasonable probability that "the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

Next, Green argues that both retained and appointed counsel failed to challenge the authenticity of the video recording. While both counsel filed suppression motions challenging the traffic stop on other grounds, neither raised the issue of video tampering. Counsels' decisions not to pursue the issue appear manifestly reasonable, as there does not appear to be any evidence calling into doubt the authenticity of the recording. In a letter that appointed counsel wrote to Green, and which Green attached to his § 2255 petition, counsel informed Green that he

would not challenge the authenticity of the video in court because he did not think that there were any glitches or anomalies. (§ 2255 Mot. Ex. II, ECF No. 96-1.)

"[C]ounsel has wide latitude in deciding how best to represent a client and deference [must be given] to counsel's tactical decisions. . . ." Yarborough v. Gentry, 540 U.S. 1, 5-6 (2003). However, even if the court were to assume that counsel erred by failing to pursue the issue, Green cannot establish prejudice. He pursued that matter in a pro se suppression motion, alleging that the video had been redacted in two places, causing time gaps. The court considered Green's argument at the second suppression hearing and addressed it in its accompanying memorandum opinion, concluding that "[a]lthough the defendant summarily alleges that the video 'doesn't include all that transpired,' he has failed to point to anything that would create a question as to the recording's authenticity." (Mem. Op. at 10, ECF No. 52.) Because he raised this issue with the court, and the court considered it, Green cannot establish that counsels' failure to raise the issue prejudiced him in any way. Strickland, 466 U.S. at 693.

In addition, Green argues that retained and appointed counsel erred by failing to hire experts to analyze the video evidence. Green contends that counsel should not have assumed the authenticity of the video without professional review. But this vague claim is insufficient to support a § 2255 petition. See United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) (noting that "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court") (internal quotation omitted); see also Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) (noting that conclusory allegations that counsel failed adequately to investigate, without factual support, are insufficient to raise a constitutional issue or require an evidentiary hearing), overruled on other grounds by Gray v. Netherland, 518 U.S. 152, 165-66 (1996).

Finally, Green argues that appointed counsel failed to file a notice of appeal and did not raise the issues that Green wanted the appellate court to consider, namely his claim of video recording tampering. First, appellate counsel did file a notice of appeal, as well as opening and reply briefs in the Fourth Circuit Court of Appeals challenging the constitutionality of the traffic stop. (Notice at 1, ECF No. 72.) Moreover, the Fourth Circuit explicitly gave Green leave to file a pro se supplemental brief, if he conformed to Fourth Circuit filing rules, which Green was unable to do. In addition, counsel did not provide ineffective assistance by failing to appeal an issue that he considered without merit. Counsel is not obligated to assert all issues that a defendant would like to have raised on appeal, as "there can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review." Jones v. Barnes, 463 U.S. 745, 752 (1983); Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (noting that reviewing courts must presume that appellate counsel made a tactical decision to raise the issues most likely to afford relief absent some evidence that the ignored issues were clearly stronger than those presented). Accordingly, Green's ineffective assistance of counsel claims lack merit.

## B. No Opportunity to Litigate Suppression Issues

Finally, Green argues that he was denied a full and fair opportunity to litigate the suppression issues in his case. This claim must be dismissed. First, he waived his right to collaterally attack his conviction and sentence, other than to bring claims for ineffective assistance of counsel. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) ("A criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary.") But more importantly, his suppression claims were litigated and re-litigated many times over. A total of five suppression motions were filed with

the district court, resulting in two suppression hearings and two memoranda from the court weighing, discussing, and ultimately denying the motions. At the appellate level, defense counsel filed briefs challenging the court's denial of the suppression motions, the Fourth Circuit heard oral arguments, and published an opinion affirming the district court's denial. As a result, Green not only raised the suppression issues, but the court has meticulously considered his arguments and that of his counsel. Accordingly, he cannot establish error. See Stone v. Powell, 428 U.S. 465, 494 (1976) (noting that a defendant cannot raise a cognizable Fourth Amendment claim on collateral review when he had a "full and fair" opportunity to litigate the claim on direct appeal).

## III.

For the reasons stated herein, the court will grant the government's motion to dismiss. An appropriate order will be entered this day.

**ENTER:** This 7th day of February, 2017.

Chief United States District Judge